UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: | CASE NO: 17-04610-jw |
|---|---|
| Callahan, Stephanie Marie<br>f/k/a Stephanie Callahan Frazzitta<br>Last Four Digits of SSN: 1006<br><br>DEBTOR(S) | CHAPTER 13<br><br>NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NON-POSSESSORY SECURITY INTEREST AND LIEN, AND / OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO AFFECTED CREDITORS AND PARTIES IN INTEREST:** The above captioned debtor[1] previously proposed a chapter 13 plan and motions; the debtor now moves, pursuant to 11 U.S.C. §1323 and Fed. R. Bankr. P.2002(a)(5) and 2002(b), to modify the proposed plan and motions as detailed below:

**Changes Made: Increase value of secured claim filed by Wells Fargo**

**Reason(s) for Change: Resolve objection to valuation of vehicle**

**Specific Creditor(s) Directly Affected by Change: Wells Fargo Dealer Services**

This modification to the chapter 13 plan and motions, and the remaining terms of the chapter 13 plan and motions set forth below, may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| Bank of America FIA Card Services 2226 Magnolia Meadows Dr. Mt. Pleasant, SC | $7,804.00 | $418,396.00 | 15-41-30(A)(1) $59,100 15-41-30(A)(7) $4,600 | $50,000.00 | -0- | $7,804.00 |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| Wells Fargo Dealer Services 2012 Honda Accord | $9.400.00 | NONE | $12,058.00 | $10,750.00 | $1,558.00 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| NONE | | | | |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

As provided for in Operating Order of the Judge assigned to this case ("Operating Order"), which is incorporated herein by reference, this plan provides for the Debtor to make Mortgage Payments to the Trustee on a conduit basis. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

The Debtor shall pay to the Trustee the sum of $2,895.00 per month for a period of SIXTY (60) months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

Except for the initial disbursement after confirmation, which is addressed in IV.A.1. below, the Trustee shall apply any funds received in the order set forth below:

1. Trustee percentage fees;
2. Ongoing Conduit Mortgage Payments;
3. All other secured claims (including but not limited to Pre-petition Mortgage Payments, Gap Payments, and Post-petition Charges) and Debtor's attorney's fees included in the Chapter 13 Plan, on a *pro rata* basis;
4. Priority unsecured claims on a *pro rata* basis;

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

    5.    General unsecured claims on a *pro rata* basis.

Nothing in this plan should be interpreted to impair the right of any party in interest to seek the appropriate relief from the Court as a result of the Debtor's failure to make Conduit Mortgage Payments or Plan Payments to the Trustee.

The Trustee is authorized to increase Debtor's monthly plan payments by the amount necessary to fund the Plan if the Plan becomes no longer mathematically viable due to the filing of any of the following:

1. Notice of Mortgage Payment Change;
2. A compliant POC or any amendments thereto; or
3. Notice of Post-petition Fees, Expenses, and Charges (subject to ¶IV(B)(3)(d) below).

The Trustee may make these payment changes by filing a **Trustee's Notice of Plan Payment Change** and providing notice to the Debtor and Debtor's attorney

**An increase in Conduit Mortgage Payments may decrease the dividend , if any, paid to general unsecured creditors. Unless the Debtor is required to pay specific dollar amounts to priority and/or general unsecured creditors under 11 U.S.C. §1325(a) or (b), the Trustee is not required to seek an increase in plan payments in order to achieve or maintain a certain dividend to general unsecured creditors.**

**Nothing herein shall prevent the Debtor from seeking a reduction in plan payments in the event the Conduit Mortgage Payment decreases for any of the reasons listed in this section**

    B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim nor from any actions discovered from the documentation, or lack thereof, in a proof of claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

    A. <u>Attorney for the debtor</u>:

    1. The debtor and the debtors attorney have agreed to an attorneys fee in the amount of $3,500 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $700 was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,500.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

    2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case,

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

the attorney has received $__N/A____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $__N/A_____ or less.

B. <u>Secured Creditor Claims:</u> The plan treats secured claims as follows:

1. <u>General Provisions</u>: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default</u>:

The debtor is current on obligations to Specialized Loan Servicing and will continue regular payments directly to that creditor. Description of collateral: 2226 Magnolia Meadows Dr., Mt. Pleasant, SC    PID 561-09-00-397 (2nd mortgage account ending 0131)

The debtor is current on obligations to SC Housing Corp. and will continue regular payments directly to that creditor. Description of collateral: 2226 Magnolia Meadows Dr., Mt. Pleasant, SC    PID 561-09-00-397 (3rd mortgage)

3. **<u>Mortgage Payments</u>**:

2226 Magnolia Meadows Dr., Mt. Pleasant, SC    PID 561-09-00-397

Ongoing Mortgage Payments will be paid by the Trustee to Mortgage Creditors ***Shellpoint Mortgage, Servicer for Bank of NY Mellon, 1st mortgage account ending 9279*** on a conduit basis. For so long as the Debtor remains current in Payments pursuant to the plan, and regardless of the date of disbursement of the Conduit Mortgage payment by the Trustee, the Mortgage Creditor, any servicer, trustee for the loan, or successor-in-interest, shall not: (1) declare the loan in default; (2) impose any Post-petition charge; or (3) seek to recover or assess late fees or penalties. Payments from the Debtor to the Trustee that are returned for insufficient funds or for other reasons by the Trustee's financial institution will be deemed "not received". The Mortgage Creditor shall apply all Trustee disbursements as designated by the Trustee, in accordance with the classes below:

a. **<u>Pre-petition Arrears</u>**.

To ***Shellpoint Mortgage, Servicer for Bank of NY Mellon***: The Trustee shall pay the **Pre-petition Arrearage including September 2017** as stated in the creditor's allowed claim or as otherwise ordered by the Court at the rate of **$452.00** or more per month, along with NO interest.

b. **<u>Conduit Mortgage Payments (ongoing Post-petition Monthly Mortgage Payments)</u>**.

Beginning in the third calendar month following the filing of the Petition, or conversion, or the occurrence of any other event requiring the Debtor to make Conduit Mortgage Payments, the Trustee shall pay the ongoing Mortgage Payments due to Mortgage creditors as indicated in the chart below. Unless otherwise ordered, Conduit Mortgage payments will be retained by the Trustee until after confirmation of the plan and until such time as either the Debtor files a proof of claim for the Mortgage Creditor pursuant to 11U.S.C. §501(c), or the Mortgage Creditor files a proof of claim in compliance with the Official Forms. Mortgage Creditors shall apply the payments designated by the Trustee as Conduit Mortgage Payments solely to post-petition obligations that accrue during or after the month specified herein. If the Conduit Mortgage Payments are placed into a suspense, forbearance, or similar account, they will be deemed to have been timely applied pursuant to this subsection. Mortgage Creditors shall file and serve a Notice of Mortgage Payment Change in accordance with the applicable Official Form, within the deadline

and in compliance with the service requirements se forth in F.R.B.P. 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan.

| *Mortgage Creditor's name including servicer/trustee as applicable, at time of last notice* | *Ongoing monthly mortgage payment amount\** | *Does the monthly mortgage payment include escrows for:*<br>a) **Real estate taxes Yes**<br><br>b) **Homeowner's insurance Yes** |
|---|---|---|
| ***Shellpoint Mortgage Servicer for Bank of NY Mellon*** | *$1,813.00* | |

\*Amount(s) listed above will be deemed to be the amount of the ongoing Monthly Mortgage Payment. The Debtor asserts that the above amount is correct as of the last written notice (including escrow amounts, if applicable). Upon the filing of a Proof of Claim in compliance with the Official Forms and F.R.B.P. Rule 3002 or 3004, and twenty one (21) days after the filing of a Notice of Mortgage Payment Change filed within the deadlines and service requirements set forth in F.R.B.P. 3002.1(b) and using the applicable Official Forms, the Trustee shall be authorized to disburse the monthly payment amount provided by the Mortgage Creditor, if that amount is higher than stated in the plan.

   c. **Gap payments.** The Post-petition Mortgage Payments for the two (2) months immediately after the petition is filed or the case is converted to Chapter 13, or the two (2) months immediately after the occurrence of any other event requiring the Debtor to make Conduit Mortgage Payments, shall be cured over the full term of the plan at the rate of **$61.00** or more per month, **along with no interest.**

   d. **Post-petition Charges.** This class includes all payments due to the Mortgage Creditor as described in any Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1 (c) ("3002.1 (c) Notice"), filed with the Court. The Debtor will be responsible for reviewing all filed 3002.1(c) Notices within 60 days of the date of filing of such notice. If the Debtor fails to object within 60 days, then the Trustee may pay these amounts as filed, on a *pro rata* basis as funds are available. The Debtor's failure to object will be deemed as a waiver of any claim against the Trustee for payment of these amounts. Any request for refund of overpayment or obligation for underpayment will be the sole responsibility of the Debtor. Once the Trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the Debtor shall be directly responsible for any further Post-petition fees and charges.

   e. **Post-petition Arrears resulting from the Debtor's post-petition delinquency in either Conduit Mortgage Payments or plan payments.** *N/A*

   To **(creditor name):** The Trustee shall pay the Post-petition Arrearage for the following calendar month(s): _____. Disbursements will be made at the rate of **$payment amount** or more per month, **[along with (percent)% interest, if applicable]**

 The Debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

   4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay Wells Fargo Dealer Services, secured by 2012 Honda Accord, the sum of $205.00 or more per month, along with 5.25% interest until the secured claim of $10,750.00 established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

   5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): The trustee shall pay Seaside Farms Single Family HOA secured by HOA assessments through December 31, 2017the sum of $69.00 or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

   6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: (Name of creditor and property address or collateral description). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property. N/A

    7. <u>Secured tax debt:</u> The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month until the (net balance or value) of creditors secured claim plus (percentage) % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee. N/A

  C. <u>Priority Creditors:</u> Priority claims shall be paid as follows:

   1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1): N/A

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

   2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.    N/A

  D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court. N/A

  E. <u>General Unsecured Creditors</u>: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does not propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:**
 Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

 Moreover, the debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11U.S.C. §§542, 543, 544, 547 and 548.

|  |  |
|---|---|
| Charleston, South Carolina<br>Dated:  November 30, 2017 | /s/ Elizabeth M. Atkins<br>Elizabeth M. Atkins, Esquire    D.C.I.D. 4436<br>Attorney for Debtors<br>778 St. Andrews Blvd.<br>Charleston, SC 29407<br>Telephone:  (843) 763-0333 |

/s/Stephanie Marie Callahan
Debtor

CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

```
Label Matrix for local noticing           AT&T                                      Adam S. Tesh, Esquire
0420-2                                    Attorney or Manager                       For Bank of America FIA Card
Case 17-04610-jw                          208 S Akard St                            PO Drawer 7788
District of South Carolina                Dallas TX 75202-4206                      Columbia SC 29202-7788
Charleston
Tue Nov 28 15:52:33 EST 2017

Elizabeth M. Atkins                       Bank of America                           BestChoice123.com
778 St. Andrews Blvd                      Attorney or Manager                       Attorney or Manager
Charleston, SC 29407-7168                 PO Box 25118                              621 Medicine Way Ste 6
                                          Tampa FL 33622-5118                       Ukiah CA 95482-8136

Stephanie Marie Callahan                  Capital One                               Cash Net
2226 Magnolia Meadows Drive               Attorney or Manager                       Attorney or Manager
Mount Pleasant, SC 29464-7560             PO Box 30285                              175 West Jackson Ste 1000
                                          Salt Lake City UT 84130-0285              Chicago IL 60604-2863

Charleston County Revenue Collections     Clear Loan                                Comcast
c/o Charleston County Bankruptcy Dept     Attorney or Manager                       Attorney or Manager
4045 Bridge View Drive Suite B119         600 F Street Ste 3 #721                   1701 JFK Boulevard
North Charleston SC 29405-7464            Arcata CA 95521-6301                      Philadelphia PA 19103-2838

Dash of Cash                              Elizabeth M. Atkins, Esquire              Global Trust Management, LLC
Attorney or Manager                       778 St Andrews Blvd                       4805 W. Laurel St. STE 300
PO Box 1469                               Charleston SC 29407-7168                  Tampa, FL 33607-4541
Kahnawake, Quebec  J0L 1B0

Lawrence Wilbur Johnson Jr.               Joints In Motion                          (p)UNIVERSITY MEDICAL ASSOCIATES OF THE MUSC
PO Box 883                                Attorney or Manager                       1 POSTON RD
Columbia, SC 29202-0883                   214 St. James Ave Ste 140B                SUITE 300
                                          Goose Creek SC 29445-2974                 CHARLESTON SC 29407-3441

MobiLoans LLC                             MoneyLion Inc                             NCB Management Services, Inc.
Attorney or Manager                       Attorney or Manager                       One Allied Drive
PO Box 1409                               PO Box 1547                               Trevose, PA 19053-6945
Marksville LA 71351-1409                  Sandy UT 84091-1547

Navient                                   Navient Solutions, LLC on behalf of       Nelnet
Attorney or Manager                       Massachusetts Higher Education            Attorney or Manager
PO Box 9500                               Assistance Corp.                          PO Box 82561
Wilkes Barre PA 18773-9500                d/b/a American Student Assistance         Lincoln NE 68501-2561
                                          100 Cambridge Street, Suite 1600
                                          Boston, MA 02114-2567

North Star Finance LLC                    (p)PORTFOLIO RECOVERY ASSOCIATES LLC      Reviver Financial, LLC
Attorney or Manager                       PO BOX 41067                              PO Box 3023
PO Box 498                                NORFOLK VA 23541-1067                     Attn: Bankruptcy Department
Hays MT 59527-0498                                                                  Hutchinson, KS 67504-3023

Rise                                      Rushmore                                  SC DEW
Attorney or Manager                       Attorney or Manager                       PO Box 8597
PO Box 101808                             PO Box 283                                Columbia SC 29202-8597
Fort Worth TX 76185-1808                  Flandreau SD 57028-0283
```

SC Department of Revenue & Taxation
PO Box 12265
Columbia SC 29211-2265

SC Housing Corp
Attorney or Manager
300-C Outlet Pointe Blvd
Columbia, SC 29210-5652

SILVER CLOUD FINANCIAL INC
635 E HWY 20 C
UPPER LAKE CA 95485

Seaside Farms Single Family HOA
Attorney or Manager
2409A Mall Drive
Charleston SC 29406-6506

Shellpoint Mortgage
Attorney or Manager
PO Box 10826
Greenville SC 29603-0826

Silver Cloud Financial
Attorney or Manager
635 East Hwy 20 C
Upper Lake CA 95485

Sky Trail Ninwdwaaswi LLC
Attorney or Manager
PO Box 1115
Lac Du Flambeau WI 54538-1115

Specialized Loan Servicing
Attorney or Manager
8742 Lucent Blvd
Littleton CO 80129-2386

Speedy Cash
Attorney or Manager
PO Box 780408
Wichita KS 67278-0408

Spot Loan
Attorney or Manager
PO Box 927
Palatine IL 60078-0927

The Bank of New York Mellon Trustee (See 410
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129-2386

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

U.S. Department of Education c/o Nelnet
US Department of Education c/o Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508-1911

Wells Fargo Bank N.A.,
d/b/a Wells Fargo Dealer Services
PO Box 19657
Irvine, CA 92623-9657

Wells Fargo Dealer Services
Attorney or Manager
PO Box 19733
Irvine CA 92623-9733

Wesley D. Dail, Esquire
Brock & Scott LLC
For Bank of NY Mellon et al
3800 Fernandina Road Ste 110
Columbia, SC 29210-3838

Winning Health
Attorney or Manager
966 Houston Northcutt
Mount Pleasant SC 29464-3487

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997